IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 99-109 |
| vs. | : | |
| | : | CIVIL ACTION NO. 08-4974 |
| MARCO BURTON | : | |

**ORDER & MEMORANDUM**

**O R D E R**

**AND NOW**, this 25th day of March, 2009, upon consideration of the Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State of Federal Custody filed by *pro se* petitioner, Marco Burton (Document No. 1, filed October 20, 2008), it appearing from the record that petitioner previously filed, on November 17, 2003, a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in Criminal Action No. 99-109, which was adjudicated on the merits by Order and Memorandum dated July 21, 2004 and was not appealed by petitioner, and the record further reflecting that, on March 19, 2007, petitioner filed a Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) which was denied by Memorandum and Order dated May 23, 2007, no appeal having been taken from that ruling, and it further appearing that in the pending *pro se* Application Under 28 U.S.C. § 2241 petitioner attacks the same conviction and raises one issue previously raised in his Motion under 28 U.S.C. § 2255, specifically, that he was convicted under 18 U.S.C. § 922(g) which is unconstitutional,[1] **IT IS ORDERED** that the

---

[1] In his original § 2255 motion, petitioner challenged 18 U.S.C. § 922(g) on the ground that this Court had no jurisdiction because he did not transport the gun he was charged with possessing in interstate commerce. The pending Application under 28 U.S.C. § 2241 challenges the constitutionality of 18 U.S.C. § 922(g) based on the Second Amendment to the United States Constitution and the Supreme Court decision in District of Columbia v. Heller, 128 S. Ct. 2783 (2008). As discussed more fully in the attached Memorandum, the Court construes petitioner's instant § 2241 application to be a second collateral attack on his sentence under 28 U.S.C. § 2255.

Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody filed by *pro se* petitioner, Marco Burton is **DISMISSED WITHOUT PREJUDICE** to his right to seek authorization to proceed in this court from the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 2255(h).

## MEMORANDUM

### I.   INTRODUCTION

Presently before the Court is Petitioner Marco Burton's *pro se* Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241. In the filing petitioner challenges his conviction under 18 U.S.C. § 922(g) on the ground that, under District of Columbia v. Heller, 128 S. Ct. 2783 (2008), a recent Supreme Court decision, the statute violates the Second Amendment to the United States Constitution. Because petitioner has previously challenged his conviction under 18 U.S.C. § 922(g) as unconstitutional and because the instant application raises a similar challenge on different grounds, it is dismissed as a second or successive § 2255 motion without prejudice to petitioner's right to seek an order from the United States Court of Appeals for the Third Circuit authorizing this Court to consider the motion.

### II.   BACKGROUND

A detailed factual and procedural history is included in this Court's Memorandum and Order of July 21, 2004. See United States v. Burton, Nos. 99-cr-109 & 03-cv-6272, 2004 WL 1813105, *1-2 (E.D. Pa. July 21, 2004). Accordingly, this Memorandum sets forth only the factual and procedural history necessary to explain the Court's ruling.

On July 6, 1999, petitioner was charged in a five count Superseding Indictment with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One); possession with intent to deliver cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) (Count

Two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts Four and Five).  On February 29, 2000 petitioner pled guilty to all five counts of the Superseding Indictment.

Sentencing was conducted on September 19, 2000.  At that time the Court sentenced petitioner to, *inter alia*, 240 months imprisonment and 8 years of supervised released.  The details of the sentence are set forth in the Order and Memorandum of May 23, 2007 in which the Court denied petitioner's *pro se* Motion to Modify Term of Imprisonment.  United States v. Burton, No. 99-cr-109, 2007 WL 1545693, at *2-4 (E.D. Pa. May 23, 2007).

On February 17, 2003 petitioner filed a *pro se* Motion under 28 U.S.C. § 2255 in which, *inter alia*, he alleged that the Court lacked jurisdiction over the felon in possession charges under 18 U.S.C. § 922(g)(1) in Counts Four and Five of the Superseding Indictment.  Specifically, petitioner challenged Congress's power to regulate the intrastate possession of firearms under the Commerce Clause and, therefore, the constitutionality of 21 U.S.C. § 922(g)(1), the statute under which he was convicted.  This Court rejected petitioner's claim and denied the Motion for Writ of Habeas Corpus Under 28 U.S.C. § 2255. The Court's ruling was based on Scarborough v. United States, 431 U.S. 563 (1977), which held that "the transport of a weapon in interstate commerce, however remote in the distant past, gives its present intrastate possession a sufficient nexus to interstate commerce," and United States v. Singletary, 268 F.3d 196 (3d Cir. 2001), which concluded that the holding in Scarborough survived the Supreme Court's subsequent rulings in United States v. Lopez, 514 U.S. 549 (1995), Jones v. United States, 529 U.S. 848 (2000), and United States v. Morrison, 529 U.S. 598 (2000).  Singletary, 268 F.3d at 200, 204.

III.   DISCUSSION

In the pending Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, petitioner again challenges the constitutionality of 18 U.S.C. § 922(g)(1) and his convictions under that statute, albeit on different grounds. In this application, petitioner asserts that the statute violates the Second Amendment to the United States Constitution as interpreted by the Supreme Court in District of Columbia v. Heller, 128 S. Ct. 2783 (2008). Relying on Heller's holding that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," Id. at 2797, 2801, petitioner argues that "the Heller ruling has made the possession element of [§922(g)(1)] non-criminal," and that his conviction under § 922(g)(1) must, therefore, be vacated.[2] (Mot. at 9.)

Because petitioner's § 2241 Application attacks his conviction and not the execution of his sentence—the proper subject of a § 2241 application—the Court will treat petitioner's filing as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. See Davis v. U.S. Congress, 179 F. App'x 843 (3d Cir. 2006). Petitioner has previously filed a § 2255 motion which was decided on the merits. Thus, he must abide by the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244 & 2255, regarding second or successive habeas corpus petitions.

AEDPA restricts the power of federal courts to award relief to federal prisoners who file second or successive habeas corpus motions. See 28 U.S.C. § 2255(h). That section of AEDPA provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

---

[2] This Court notes that in Heller, the Supreme Court stated that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." Heller, 128 S. Ct. at 2816-17.

-4-

>(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244 provides, in relevant part:

>(b)(3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
>. . .
>
>(C)  The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Under § 2255(h), a petitioner may only obtain review of a second or successive habeas corpus motion that either (a) presents newly discovered evidence that calls the conviction into question or (b) relies on new rules of constitutional law made retroactive on collateral review by the Supreme Court. In both instances, however, a prisoner intending to file a second or successive § 2255 motion in the district court must first seek authorization from the appropriate court of appeals, and petitioner has not done so. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Accordingly, petitioner's motion must be dismissed for failure to obtain prior authorization.

### IV.    CONCLUSION

For the foregoing reasons, the Court dismisses petitioner's *pro se* Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus as an unauthorized second or successive habeas petition without prejudice to petitioner's right to seek certification from the United States Court of Appeals for the Third Circuit to file a second or successive habeas corpus petition in this Court.

**BY THE COURT:**

  /s/ Honorable Jan E. DuBois
**JAN E. DUBOIS, J.**